UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID COUCH,

        Plaintiff,

    v.                            ACTION NO. 2:22cv196

CITY OF VIRGINIA BEACH, et al.,

        Defendants.

## OPINION AND DISMISSAL ORDER

Plaintiff David Couch ("Plaintiff"), appearing pro se, filed this action against the City of Virginia Beach ("City") and Taylor Adams ("Adams"), who previously served as the Deputy City Manager of the City (collectively, "Defendants"). Second Am. Compl., ECF No. 37. Plaintiff asserts federal claims against Defendants for whistleblower retaliation and for discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Id. at 1-36. Plaintiff also asserts state law claims for whistleblower retaliation and defamation.[1] Id.

---

[1] In summarizing the basis for his defamation claims, Plaintiff refers to a federal statute, 28 U.S.C. § 4101. Second Am. Compl. at 14, ECF No. 37. Section 4101 simply defines several terms, including the term "defamation," in the context of foreign judgments. 28 U.S.C. § 4101. The statute does not create a private cause of action. See Sanders v. Hill, No. 5:23cv1949, 2023 U.S. Dist. LEXIS 219563, at *3 (N.D. Ohio Dec. 11, 2023). Therefore, the court construes Plaintiff's defamation claims as being asserted only under Virginia law, not federal law.

This matter is before the court on (i) Defendants' Motion to Dismiss, ECF No. 38; (ii) Plaintiff's Motion to File Surreply ("First Motion to File Surreply"), ECF No. 42; (iii) Plaintiff's Motion to File Surreply ("Second Motion to File Surreply"), ECF No. 44; and (iv) Defendants' Motion to Withdraw Gerald L. Harris as Counsel ("Motion to Withdraw"), ECF No. 45. The court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs.

For the reasons set forth below, Plaintiff's First Motion to File Surreply, ECF No. 42, is **GRANTED**; Plaintiff's Second Motion to File Surreply, ECF No. 44, is **GRANTED**; and Defendants' Motion to Withdraw, ECF No. 45, is **GRANTED**. Defendants' Motion to Dismiss, ECF No. 38, is **GRANTED** as to Plaintiff's federal claims, and these claims are **DISMISSED with prejudice**. The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and these claims are **DISMISSED without prejudice**.

## I.  Relevant Procedural Background

Plaintiff filed an initial Complaint that did not adequately identify the defendant(s) against whom Plaintiff intended to assert claims. See Compl., ECF No. 5. To resolve this issue, the court ordered Plaintiff to file an Amended Complaint. Order at 2, ECF No. 6. Plaintiff subsequently filed an Amended Complaint that listed the City and Adams as Defendants. Am. Compl., ECF No. 7.

2

Defendants moved to dismiss the Amended Complaint.[2]  Mot. Dismiss, ECF No. 28.  In response to Defendants' motion, Plaintiff indicated that he had additional information, not specifically mentioned in his Amended Complaint, that supported his claims. Opp'n at 1-19, ECF No. 30.  Plaintiff also filed a Motion to Amend that sought leave of court to add new claims to his lawsuit.  Mot. Amend at 1, ECF No. 33.

In an Order entered on February 27, 2024, the court, in deference to Plaintiff's pro se status, granted Plaintiff's Motion to Amend and dismissed Defendants' Motion to Dismiss as moot. Order at 4-5, ECF No. 36 (finding it appropriate to "allow Plaintiff an opportunity to clarify his intended claims—and the complete factual basis for such claims—by filing a Second Amended Complaint").  The court ordered Plaintiff to file a Second Amended Complaint that complied with certain detailed instructions.  Id. The court stated that the Second Amended Complaint must:

   (i)   be clearly labeled as Plaintiff's Second Amended
         Complaint;

   (ii)  comply with the federal pleading standards set
         forth in Rules 8 and 10 of the Federal Rules of
         Civil Procedure;

---

[2] Defendants filed an initial motion that sought dismissal of this action on jurisdictional grounds.  Mot. Dismiss, ECF No. 10. The court denied Defendants' motion, but granted Defendants leave to file another dispositive motion on alternate grounds, if they wished to do so.  Order at 1-12, ECF No. 22.  Defendants subsequently filed a second dismissal motion, as authorized by the court.  Mot. Dismiss, ECF No. 28.

3

(iii)   clearly identify the Defendant(s) against whom Plaintiff intends to assert claims;

(iv)    clearly state, with specificity, each claim that Plaintiff intends to assert against each Defendant; and

(v)     clearly set forth all factual allegations upon which each asserted claim is based.

Id.[3] (footnotes omitted).

Plaintiff filed a Second Amended Complaint, and Defendants filed a timely Motion to Dismiss.[4] Second Am. Compl., ECF No. 37; Mot. Dismiss, ECF No. 38. Plaintiff filed a brief in opposition to Defendants' dismissal motion ("Opposition"),[5] and Defendants filed a reply ("Reply"). Opp'n, ECF No. 40; Reply, ECF No. 41.

---

[3] In its February 27, 2024 Order, the court explained that Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "allegations that are 'simple, concise, and direct.'" Order at 4-5 n.3, ECF No. 36 (quoting Fed. R. Civ. P. 8). The court further explained that Rule 10 requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Id. (quoting Fed. R. Civ. P. 10(b)).

[4] Plaintiff's Second Amended Complaint does not comply with the instructions set forth in the court's February 27, 2024 Order. See Second Am. Compl. at 1-95, ECF No. 37. Specifically, the Second Amended Complaint does not comply with the federal pleading standards set forth in Federal Rules 8 and 10 and does not clearly identify Plaintiff's intended claims or the factual basis for such claims. See id. For these reasons, Plaintiff's Second Amended Complaint is subject to dismissal. See Fed. R. Civ. P. 41(b) (authorizing the court to dismiss an action when a plaintiff fails to comply with an Order of the court). Nevertheless, the court will not dismiss this action on this basis and will analyze the merits of the arguments raised in Defendants' Motion to Dismiss.

[5] Plaintiff's Opposition exceeds the 30-page limit for response briefs, as set forth in the court's Local Civil Rules. See E.D. Va. Loc. Civ. R. 7(F)(3).

4

Thereafter, Plaintiff filed a First Motion to File Surreply and a Second Motion to File Surreply, and Defendants filed a Motion to Withdraw. First Mot. File Surreply, ECF No. 42; Second Mot. File Surreply, ECF No. 44; Mot. Withdraw, ECF No. 45. All pending motions are ripe for a decision.

## II.   Defendants' Motion to Withdraw

Defendants filed a Motion to Withdraw, in which they ask the court to permit the withdrawal of one of their attorneys, Gerald L. Harris. Mot. Withdraw at 1, ECF No. 45. Defendants state that Gerald L. Harris "has resigned from his position with the Virginia Beach City Attorney's Office." Id. Defendants indicate that they will continue to be represented in this action by their other attorneys of record. Id.

For good cause shown, Defendants' Motion to Withdraw, ECF No. 45, is **GRANTED**, and the Clerk is **DIRECTED** to terminate Gerald L. Harris as counsel of record for Defendants on the docket of this matter.

## III.   Plaintiff's Motions to File Surreply

Shortly after the briefing closed on Defendants' Motion to Dismiss, Plaintiff filed a First Motion to File Surreply. First Mot. File Surreply, ECF No. 42. In this motion, Plaintiff seeks permission to file a Surreply to "further dispute" Defendants' dismissal arguments and to respond to "a couple new erroneous claims" made by Defendants in their Reply. Id. at 1. Plaintiff

5

included his intended Surreply within his First Motion to File Surreply. Id. at 1-14, Exs., ECF No. 42-1.

Plaintiff subsequently filed a Second Motion to File Surreply. Second Mot. File Surreply, ECF No. 44. In this motion, Plaintiff states that "new information" recently came to Plaintiff's attention that "supports [his] claims." Id. at 1. Plaintiff asks the court to allow him to file an additional memorandum, along with supporting documentation, to explain this new information. Id. Plaintiff included his intended memorandum and supporting documents within his Second Motion to File Surreply.[6] Id. at 1-4; Exs., ECF No. 44-1.

Pursuant to Local Civil Rule 7(F)(1), after a non-moving party files a brief in opposition to an opposing party's motion and the moving party files a reply brief, "[n]o further briefs or written communications may be filed without first obtaining leave of [c]ourt." E.D. Va. Loc. Civ. R. 7(F)(1). In deference to Plaintiff's pro se status, the court **GRANTS** Plaintiff's First Motion to File Surreply, ECF No. 42, and Plaintiff's Second Motion to File Surreply, ECF No. 44, and will consider all of Plaintiff's submissions in its analysis of Defendants' Motion to Dismiss.[7]

---

[6] Defendants did not file an Opposition to Plaintiff's First Motion to File Surreply or Second Motion to File Surreply.

[7] Some of the filings submitted by Plaintiff in opposition to Defendants' Motion to Dismiss include factual allegations and supporting documents that were not included in Plaintiff's Second

## IV. Plaintiff's Factual Allegations[8]

Plaintiff is a current employee of the City, who previously worked in the City's Economic Development Department under the supervision of Warren Harris. Second Am. Compl. at 2-3. Plaintiff alleges that Harris engaged in "fraudulent activity regarding travel and other types of inappropriate expenditures." Id. Plaintiff "was the one who initially brought this [fraudulent activity] to the attention of the City Auditor," and subsequently provided information to the Commonwealth's Attorney, the FBI, and a grand jury. Id. Harris "ultimately pleaded guilty to 4 felony convictions," Harris's employment was terminated in October of 2018, and Adams "became [Plaintiff's] immediate supervisor" in December of 2018. Id. at 2-3, 10-11.

Plaintiff alleges that he "had stellar performance evaluations" throughout his employment with the City; however,

---

Amended Complaint. See Opp'n, ECF No. 40; First Mot. File Surreply, ECF No. 42; Exs., ECF No. 42-1; Second Mot. File Surreply, ECF No. 44; Exs., ECF No. 44-1. It is well-settled that "a complaint may not be amended by the briefs in opposition to a motion to dismiss." Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (citation omitted). Thus, although the court has considered all of Plaintiff's filings, any additional factual allegations and exhibits set forth in these filings cannot serve to expand the scope of Plaintiff's Second Amended Complaint.

[8] The court notes that although Plaintiff is proceeding pro se, a significant portion of Plaintiff's Second Amended Complaint is copied and pasted from a demand letter that Plaintiff's former attorney sent to the City prior to the initiation of this action. See Second Am. Compl. at 6-14, 76-94, ECF No. 37.

7

Plaintiff's employment "took a dramatic turn when [Plaintiff] decided to become a whistleblower." Id. at 2, 10. Plaintiff alleges that he was "systematically and adversely targeted" "[b]ecause of [his] participation in the . . . Harris case." Id. at 5. Although Plaintiff thought that he "should have been praised for coming forward to expose [Harris's] wrongdoing," City officials instead retaliated against Plaintiff for his actions and "created a hostile work environment." Id. at 10.

Specifically, Plaintiff alleges that in June of 2019, Adams altered Plaintiff's job duties and required Plaintiff to perform "internal administrative work for the Economic Development Department" instead of "external marketing." Id. at 11. Plaintiff believes that his job duties were changed "out of spite for [Plaintiff] exposing wrongdoing by Mr. Harris." Id. Plaintiff also believes that Adams had a separate improper motive for changing Plaintiff's job duties, i.e., a "bias against older workers."[9] Id.

Plaintiff alleges that his job duties "changed again" in October of 2020. Id. at 12. Adams assigned Plaintiff to "Biological Incubator Work" and instructed Plaintiff's "3-4 person

---

[9] In his Second Amended Complaint, Plaintiff states that he is "now 60 years old" and was 58 years old when he initiated this action. Second Am. Compl. at 6, ECF No. 37.

administrative staff" to report to another individual, instead of Plaintiff.  Id.

Plaintiff alleges that Adams acted unprofessionally towards Plaintiff, "openly yelled" at Plaintiff, and told Plaintiff that "he was not good at doing his job."  Id.  Plaintiff believes that Adams treated Plaintiff in such a manner because of Plaintiff's whistleblowing activities and because of Plaintiff's age.  Id.

To further support his claim of age discrimination, Plaintiff alleges that (i) Adams did not engage in "passive/aggressive conduct" with "younger employees in the Department"; (ii) Adams would travel and attend "functions" with "younger employees," but would not do so with Plaintiff; (iii) Adams "frequently omitted [Plaintiff] from department leadership meetings," but other "more junior and younger employees" would be in attendance; and (iv) Adams made certain comments suggesting that Plaintiff was nearing retirement.  Id. at 7-8, 12.

Plaintiff alleges that in April of 2021, he was "transferred from the Economic Development Department to the Planning Department and assigned the role [of] Business Administrator." Id. at 4, 12.  In his new role, Plaintiff "oversees accounting, preparation of budgets, information technology and customer services."  Id. at 13.  Plaintiff's compensation did not change, but Plaintiff views his new position as "much less favorable" than his previous position.  Id. at 4, 13.  Plaintiff believes that he

is overqualified for the new position and that the position will limit his opportunities for advancement. <u>Id.</u> at 13. Plaintiff alleges that he has, on "several occasions," "applied for open positions back within the Economic Development Department"; however, Plaintiff was not selected for the positions. <u>Id.</u> at 4.

In his Second Amended Complaint, Plaintiff asserts a hostile work environment claim and a disparate treatment discrimination claim against Defendants pursuant to the ADEA.[10] <u>Id.</u> at 1–36. Plaintiff also asserts claims for whistleblower retaliation and defamation.[11] <u>Id.</u>

---

[10] Plaintiff does not clearly indicate that he seeks to assert a disparate treatment discrimination claim against Defendants under the ADEA. <u>See</u> Second Am. Compl. at 1–36, ECF No. 37. Plaintiff's ADEA-related allegations focus more on an alleged hostile work environment. <u>Id.</u> However, the court liberally construes <u>pro se</u> Plaintiff's Second Amended Complaint as asserting both a hostile work environment claim and a disparate treatment discrimination claim under the ADEA.

[11] Plaintiff does not clearly identify the legal basis for his whistleblower retaliation claim. Instead, Plaintiff states that he "would like to pursue this claim under all federal provisions that protect employees who are being retaliated against by their employer for bringing forward information of wrong[]doing such as fraud, waste, and abuse." Second Am. Compl. at 9, ECF No. 37. Plaintiff's Second Amended Complaint also contains references to Virginia's Fraud and Abuse Whistle Blower Protection Act ("FAWBPA"). <u>Id.</u> at 9, 82-84. The court will address the potential bases for Plaintiff's whistleblower retaliation claim in Parts V.B.1 and V.C of this Opinion and Dismissal Order. <u>See</u> <u>infra</u> Parts V.B.1, V.C.

## V.  <u>Defendants' Motion to Dismiss</u>

### A.  <u>Legal Standards</u>

Defendants seek dismissal of this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Mem. Supp. Mot. Dismiss, ECF No. 39.  Dismissal is warranted under Rule 12(b)(1) for any claims over which the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence.  <u>United States ex rel. Vuyyuru v. Jadhav</u>, 555 F.3d 337, 347-48 (4th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to "allege facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  <u>Johnson v. Portfolio Recovery Assocs., LLC</u>, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992)).  As such, the court must accept all factual allegations contained in Plaintiff's Second Amended Complaint as true and draw all reasonable inferences in favor of Plaintiff.  <u>Id.</u>  "Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences,

11

unreasonable conclusions, or arguments.'" Id. (citations omitted). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"In cases where the plaintiff appears pro se, courts do not expect the pro se plaintiff to frame legal issues with the clarity and precision expected from lawyers." Suggs v. M&T Bank, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017). In such cases, courts are required to construe the operative complaint liberally. Id. However, courts "cannot act as a pro se litigant's 'advocate and develop, sua sponte, . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'" Bolton v. Chesterfield Cnty. Sch. Bd., No. 3:19cv558, 2020 U.S. Dist. LEXIS 177072, at *5 (E.D. Va. Sept. 25, 2020) (alterations in original) (citation omitted); see Jackson v. Wilhelm Rest. Grp., Inc., No. 1:22cv165, 2022 U.S. Dist. LEXIS 61093, at *5 (E.D. Va. Mar. 30, 2022) (explaining that a court's requirement to liberally construe a pro se complaint "neither excuses a pro se plaintiff of his obligation to 'clear the modest hurdle of stating a plausible claim' nor transforms the court into his advocate" (citation omitted)).

12

## B. **Plaintiff's Federal Claims**

### 1. **Plaintiff's Whistleblower Retaliation Claim**

As noted above, Plaintiff does not identify the specific legal basis for his whistleblower retaliation claim. Second Am. Compl. at 9-14. Instead, Plaintiff states that he intends to "pursue this claim under all federal provisions that protect employees who are being retaliated against by their employer for bringing forward information of wrong[]doing such as fraud, waste, and abuse." Id. at 9. Without any identified legal basis for his whistleblower retaliation claim, the court finds that Plaintiff's claim necessarily fails.

In their Motion to Dismiss, Defendants presume that Plaintiff intended to assert his federal whistleblower retaliation claim pursuant to the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8)-(9).[12]  Mem. Supp. Mot. Dismiss at 11. However, Defendants argue that Plaintiff cannot state a plausible claim for relief under the WPA because Plaintiff is "a municipal government employee of the City of Virginia Beach" and the WPA only protects whistleblowing activities of "federal government employees." Id.

---

[12] In their Motion to Dismiss, Defendants note that Plaintiff may have intended to bring his whistleblower retaliation claim pursuant to FAWBPA. Mem. Supp. Mot. Dismiss at 10-11, ECF No. 39. In his Opposition, Plaintiff confirms that he does seek to assert a state law FAWBPA claim against Defendants. Opp'n at 29-30, ECF No. 40. The court will address Plaintiff's state law FAWBPA claim in Part V.C of this Opinion and Dismissal Order. See infra Part V.C.

Defendants' argument comports with the law.  "The WPA applies only to federal employees." <u>Williams v. Virginia</u>, No. 3:11cv863, 2012 U.S. Dist. LEXIS 97805, at *12 (E.D. Va. July 13, 2012).

For these reasons, Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's whistleblower retaliation claim asserted under the WPA and under any other intended, but not identified, federal basis.

### 2.  Plaintiff's ADEA Claims

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  In his Second Amended Complaint, Plaintiff asserts claims against Defendants under the ADEA for hostile work environment and disparate treatment discrimination.  Second Am. Compl. at 1-36.

### a.  Individual Liability

As an initial matter, Defendants argue that Plaintiff cannot state any plausible claims for relief under the ADEA against Adams because "[t]he ADEA does not allow for individual liability." Mem. Supp. Mot. Dismiss at 5.  Defendants' argument comports with the law.  See <u>Birkbeck v. Marvel Lighting Corp.</u>, 30 F.3d 507, 510-11 (4th Cir. 1994) (explaining that the ADEA does not allow for individual liability).  Accordingly, Defendants' Motion to

14

Dismiss is **GRANTED** as to all of Plaintiff's ADEA claims, as asserted against Adams.

### b. Hostile Work Environment Claim

"A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Decoster v. Becerra, 119 F.4th 332, 337 (4th Cir. 2024) (quoting Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 267, 277 (4th Cir. 2015)). To state a plausible hostile workplace claim under the ADEA, a plaintiff must allege that he (i) "experienced unwelcome harassment"; (ii) the harassment was based on his age; (iii) "the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere"; and (iv) "there is some basis for imposing liability on the employer." Buchhagen v. ICF Int'l, Inc., 545 F. App'x 217, 219 (4th Cir. 2013) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

Defendants argue that Plaintiff's ADEA hostile work environment claim should be dismissed pursuant to Rule 12(b)(6) because, among other reasons, Plaintiff's allegations of age-based harassment do not rise to the level of severity and pervasiveness necessary to state a plausible claim for relief. Mem. Supp. Mot. Dismiss at 8-10.

15

In determining whether alleged actions are "sufficiently severe or pervasive," courts will conduct a "subjective and objective assessment" of the claimed harassment. <u>Jones v. HCA</u>, 16 F. Supp. 3d 622, 630 (E.D. Va. 2014). The harassment must be "perceived by the victim as hostile or abusive, and that perception must be reasonable." <u>Id.</u> When analyzing whether the alleged harassment is objectively severe or pervasive, "courts consider 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" <u>Id.</u> (citing <u>Harris v. Forklift Sys.</u>, 510 U.S. 17, 23 (1993)); <u>see Jones v. Tyson Foods, Inc.</u>, 378 F. Supp. 2d 705, 712-13 (E.D. Va. 2004). Courts recognize that "[w]orkplaces are not always harmonious locales" and "[s]ome rolling with the punches is a fact of workplace life." <u>EEOC v. Sunbelt Rentals, Inc.</u>, 521 F.3d 306, 315 (4th Cir 2008). Thus, the "severe and pervasive test" has been described as a "high bar" for a plaintiff to clear. <u>Id.</u> "Callous behavior by [one's] superiors" and "even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." <u>Id.</u> at 315-16; <u>see Bass</u>, 324 F.3d at 765 (noting that "a workplace dispute regarding . . . reassignment" and even "callous behavior by . . . superiors" "do[es] not describe the type of severe or pervasive . . . age

16

based activity necessary to state a hostile work environment claim").

In his Second Amended Complaint, Plaintiff alleges that his job duties were changed on occasion, his administrative staff was instructed to report to another individual, Adams yelled at Plaintiff and criticized his work, Adams did not attend functions or travel with Plaintiff, Adams excluded Plaintiff from meetings, Adams made comments suggesting that Plaintiff was nearing retirement, Plaintiff was laterally transferred to another department within the City, and Plaintiff was not hired for certain jobs to which he subsequently applied.  Second Am. Compl. at 7-8, 11-13.  While these alleged actions may have been frustrating for Plaintiff, the court finds that such actions do not reach the level of severity and pervasiveness required to state a plausible hostile work environment claim under the ADEA.  See Sunbelt Rentals, Inc., 521 F.3d 315-16; Bass, 324 F.3d at 765; Jones, 16 F. Supp. 3d at 630.[13]  Accordingly, Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's ADEA hostile work environment claim.

---

[13] The court notes that in order to establish the second prong of an ADEA hostile work environment claim, i.e., the causation prong, Plaintiff must plausibly allege that the harassment at issue would not have occurred "but for" his age.  Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998); see infra Part V.B.2.c (discussing "but for" causation in more detail).  Here, the court finds that Plaintiff's Second Amended Complaint fails to plausibly allege such facts, thus providing another basis for the dismissal of Plaintiff's ADEA hostile work environment claim.

### c. Disparate Treatment Discrimination Claim

To state a claim for disparate treatment age discrimination under the ADEA, a plaintiff must plausibly allege facts sufficient to show that (i) he was a member of the protected class, i.e., age 40 or older; (ii) he suffered an adverse employment action; (iii) he was meeting his employer's expectations at the time of the adverse employment action; and (iv) he was replaced by or treated less favorably than someone outside the protected class. Rivera v. United States Dep't of Defense, No. 3:24cv646, 2024 U.S. Dist. LEXIS 215862, at *14 (E.D. Va. Nov. 26, 2024) (citing Sullivan v. Perdue Farms, Inc., 133 F. Supp. 3d 828, 837 (E.D. Va. 2015)); see Wilson v. City of Chesapeake, 290 F. Supp. 3d 444, 456 (E.D. Va. 2018). "A plaintiff bringing a discrimination claim under the ADEA must prove that age was not merely a motivating factor of the challenged adverse employment action but was in fact its 'but-for' cause." Motley v. Virginia, No. 3:16cv595, 2018 U.S. Dist. LEXIS 50303, at *7 (quoting Hartman v. Univ. of Md. at Baltimore, 595 F. App'x 179, 181 (4th Cir. 2014)); see Rivera, 2024 U.S. Dist. LEXIS 215862, at *15.

Defendants argue that Plaintiff's age discrimination claim fails because Plaintiff has not adequately alleged that he suffered an adverse employment action. Mem. Supp. Mot. Dismiss at 8-10. To constitute an adverse employment action, the act in question "must adversely affect 'the terms, conditions, or benefits' of the

18

plaintiff's employment." <u>Fellores v. Winter</u>, No. 2:06cv551, 2007 U.S. Dist. LEXIS 62521, at *8 (E.D. Va. Aug. 23, 2007) (quoting <u>Richardson v. Richland Cnty. Sch. Dist. No. One</u>, 52 Fed. App'x 615, slip op. at 1 (4th Cir. 2002)).

> In order to meet this standard[,] a plaintiff need not prove that he was subject to an "ultimate employment decision," such as firing, layoff, or failure to promote. Nonetheless, in order to prove an adverse employment action a plaintiff must prove more than a mere inconvenience, annoyance, disappointment, or change. A plaintiff must demonstrate "some significant detrimental effect."

<u>Id.</u> at *8-9 (citations omitted).

Upon review, the court finds that the majority of the conduct about which Plaintiff complains in this action, i.e., changed job duties, work criticism, missed meetings, unprofessional behavior, rude comments from a supervisor, and the like, fall far short of constituting adverse employment actions. <u>See id.</u> The only event that could potentially rise to the level of an adverse employment action, and the only event that the court will discuss in more depth, is Plaintiff's job transfer.

Plaintiff alleges that in April of 2021, he was "transferred from the Economic Development Department to the Planning Department and assigned the role [of] Business Administrator." Second Am. Compl. at 4, 12. Plaintiff admits that this transfer did not result in any change in compensation; however, Plaintiff considers the new position to be "less favorable" than his previous

job. Id. at 4, 13. Plaintiff believes that he is overqualified for the Business Administrator position and thinks that his opportunities for advancement will be limited if he remains in this role. Id. at 13.

As courts have explained, "[t]he mere fact that a new job assignment is less appealing to the employee . . . does not constitute adverse employment action." Holland v. Wash. Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007). Instead, to constitute an adverse employment action, the job transfer must have left the employee "worse off" in some fashion. Muldrow v. City of St. Louis, 601 U.S. 346, 359 (2024) (explaining that to qualify as an adverse employment action, a job transfer need not cause "significant" harm, but it must leave the employee "worse off").

Here, although Plaintiff considers his new position to be "less favorable" than his previous position, and speculates as to its impact on future advancement opportunities, the court finds that Plaintiff has not alleged facts sufficient to plausibly show that the job transfer left him "worse off." Second Am. Compl. at 4, 13; see Muldrow, 601 U.S. at 359; Holland, 487 F.3d at 219.

Even if Plaintiff's Second Amended Complaint could be construed as adequately alleging an adverse employment action, Defendants argue that Plaintiff's age discrimination claim nevertheless fails because Plaintiff has not adequately alleged causation. Mem. Supp. Mot. Dismiss at 6-8. As noted above, "[a]

plaintiff bringing a discrimination claim under the ADEA must prove that age was not merely a motivating factor of the challenged adverse employment action but was in fact its 'but-for' cause." Motley, 2018 U.S. Dist. LEXIS 50303, at *7 (quotation omitted).

Throughout his Second Amended Complaint, Plaintiff often alleges that he was mistreated at work because of his whistleblowing activities. Second Am. Compl. at 2, 5. For example, Plaintiff alleges:

- "The negative actions against me were/are initially triggered by[,] and a[s] a result of[,] my involvement in a Commonwealth Attorney and FBI investigation into my former supervisor, Warren Harris."

- "All of this behavior only started after I was named 'the Whistleblower'. . . . Prior to that time, I never had conflict with anyone."

- "Because of my participation in the Warren Harris case, I was systematically and adversely targeted."

Id. However, Plaintiff also alleges that Defendants mistreated him because of his age. See id. at 6-8, 11-12.

Defendants argue that "by contending that Defendants were motivated by Plaintiff's alleged whistleblower status, Plaintiff has conceded that his age was not the 'but-for' cause of Defendants' alleged wrongful conduct." Mem. Supp. Mot. Dismiss at 7. The court is not persuaded by this argument.

As courts have explained, "the requirement to prove 'but-for' causation does not foreclose a plaintiff from pleading in the

alternative." <u>Ingleson v. Burlington Med. Supplies, Inc.</u>, 141 F. Supp. 3d 579, 584 (E.D. Va. 2015) (citing <u>Fagan v. U.S. Carpet Installation</u>, 770 F. Supp. 2d 490, 496-97 (E.D.N.Y. 2011)). However, if a plaintiff chooses to plead in the alternative, he still must allege facts sufficient to show that his alternative theory is plausible. <u>Id.</u> Thus, in this case, Plaintiff must allege facts sufficient to plausibly show that but for his age, he would not have been transferred to another job, or otherwise discriminated against by Defendants. Defendants argue that Plaintiff's Second Amended Complaint fails to allege such facts. Mem. Supp. Mot. Dismiss at 7-8. Specifically, Defendants argue:

> Although Plaintiff asserts that he was 58 years old (and is now 60), he does not plead any facts that would allow a finder of fact to conclude that age bias was the "but for" reason that Plaintiff was transferred, and his subjective perception that younger employees were being treated better than him is a far cry from alleging . . . [that] an actual, specific younger comparator exists such that discrimination can be fairly inferred.

<u>Id.</u>

Upon review, the court finds that Plaintiff's allegations of age discrimination are conclusory in nature and factually unadorned, leaving only speculation that Plaintiff's age played any role in Plaintiff's job transfer or any other aspect of Plaintiff's employment. <u>See</u> Second Am. Compl. at 1-36; <u>see also</u> <u>Coleman v. Md. Court of Appeals</u>, 626 F.3d 187, 191 (4th Cir. 2010) (affirming dismissal of a complaint where the allegations of race

discrimination did not "rise above speculation"). The court further finds that such speculation is insufficient to nudge Plaintiff's age discrimination claim "across the line from conceivable to plausible." Tickles v. Johnson, 805 F. App'x 204, 208 (4th Cir. 2020) (quoting Woods v. City of Greensboro, 855 F.3d 639, 647 (4th Cir. 2017)); see Iqbal, 556 U.S. at 680.[14]

For all of these reasons, Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's ADEA disparate treatment discrimination claim.

## C. **Plaintiff's State Law Claims**

This action was brought before the court based on federal question jurisdiction. See Second Am. Compl. at 1-95. Diversity jurisdiction does not apply to this action because there is not complete diversity of citizenship between the parties. Id.; see 28 U.S.C. § 1332.

As set forth above, the court has dismissed all of the federal claims asserted by Plaintiff, leaving only state law defamation

---

[14] In his Second Amended Complaint, Plaintiff generally alleges that after he was transferred out of the Economic Development Department in 2021, he applied, unsuccessfully, for "open positions" that would enable Plaintiff to return to that department. Second Am. Compl. at 4, ECF No. 37. To the extent that Plaintiff intended to assert a separate failure to hire claim against Defendants under the ADEA, the court finds that Plaintiff has failed to allege facts sufficient to state such a claim. See Jackson v. Girl Scouts Council of Colonial Coast, No. 4:18cv129, 2019 U.S. Dist. LEXIS 250684, at *13-14 (E.D. Va. Dec. 20, 2019) (summarizing the required elements of an ADEA failure to hire claim).

claims and Plaintiff's state law whistleblower retaliation claim under FAWBPA. Although the court may exercise supplemental jurisdiction over any remaining state law claims after all federal claims have been dismissed, the decision to do so is discretionary. Jones v. Tyson Foods, 378 F. Supp. 2d 705, 710 (E.D. Va. 2004) (citing 28 U.S.C. § 1367(c)(3)); see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (explaining that a court has "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished"). In determining whether to exercise supplemental jurisdiction, the court analyzes "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity and considerations of judicial economy." Shanaghan, 58 F.3d at 110. As the Fourth Circuit has explained, "[g]enerally, when a district court dismisses all federal claims in the early stages of litigation[,] . . . it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." Henderson v. Harmon, 102 F.4th 242, 251 (4th Cir. 2024) (first alteration in original) (quoting Banks v. Gore, 738 F. App'x 766, 773 (4th Cir. 2018)).

Under these circumstances, and based on an analysis of all relevant factors, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See id.; see also Second Am. Compl. at 1-95. Accordingly, the court **DISMISSES**

Plaintiff's state law claims **without prejudice**. Plaintiff may refile his state law claims in the appropriate state court if he so chooses.

### VI. Conclusion

For the reasons set forth above, Plaintiff's First Motion to File Surreply, ECF No. 42, is **GRANTED**; Plaintiff's Second Motion to File Surreply, ECF No. 44, is **GRANTED**; and Defendants' Motion to Withdraw, ECF No. 45, is **GRANTED**. Defendants' Motion to Dismiss, ECF No. 38, is **GRANTED** as to Plaintiff's federal claims, and these claims are **DISMISSED with prejudice**. The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and these claims are **DISMISSED without prejudice**.

Plaintiff may appeal this Opinion and Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days of the date of entry of this Opinion and Dismissal Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to send a copy of this Opinion and Dismissal Order to Plaintiff and counsel for Defendants.

IT IS SO **ORDERED**.

March 3, 2025

/s/ - RBS -

Rebecca Beach Smith
Senior United States District Judge